# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**EDWARD LEE SHELBY,**

      **Plaintiff,**

v.            Case 2:17-cv-02650-SHM-cgc

**GREYSTAR MANAGEMENT SERVICES, L.P.,**

      **Defendant.**

## ORDER GRANTING DEFENDANT'S
## MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Defendant's Motion for More Definite Statement. (Docket Entry "D.E." #2, #6, #7). The instant motion was referred to the United States Magistrate Judge for determination. (D.E. #11). For the reasons set forth herein, it is recommended that Defendant's Motion for More Definite Statement be GRANTED.

**I. Background**

On May 9, 2017, Plaintiff Edward Lee Shelby initiated a *pro se* lawsuit against Defendant Greystar Management Services, L.P. ("Greystar") in the Circuit Court for the Thirtieth Judicial District at Memphis. He served Greystar with a Summons, one-page Verified Complaint, and the following: a document entitled "Notes to File / Edward Shelby vs. Riverstone Residential"; a document dated December 15, 2014 entitled "Sequence of Events" that details certain events in November and December of 2014; two black-and-white copies of photographs; a State of Tennessee Department of Labor and Workforce Development Separation Notice dated December with partially

1

illegible decision dates; the first page of a February 13, 2015 letter from the Memphis District Office of Greystar to William P. Brown; and, a Notice to Parties Filing Pro Se from the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis. The Verified Complaint sets forth, in pertinent part, as follows:

> 3. On November 24, 2014 at approximately 3:30 P.M., I was called on my cell phone by Akela, the office clerk[,] to report to LaTonya Richardson, Apartment Manager. I reported at 4:00 P.M. Ms. Richardson reported to me that Brenna in Office Sales had reported that I had called her at 11:00 P.M. the previous night regarding "some keys." She accused me of sexual harassment and stated she had already called the District Office, gave me a typed letter and stated that I would be on [administrative] leave with pay until the investigation was completed. She stated that I would be contacted and would be able to give a response. I asked for a copy of the charges. This was denied.
> 4. On December 9, 2014, I received a call to return to my uniforms[,] and I was relieved of duty.
> 5. I never received a Dispute Resolution Plan and Mutual Arbitration Agreement.
> 6. I was falsely accused of sexual harassment
> 7. Loss [sic] wages
> 8. Defamation of character
> 9. By reason of the facts and circumstances stated above, Plaintiff has been damaged by the defendant in the sum of $250,000.

(Verified Compl. at 1).

On September 6, 2017, Defendant removed the case to this Court. (D.E. #1). On that same day, Defendant filed the instant Motion for More Definite Statement. Relying upon Plaintiff's state court filings and Rules 8(a)(2) and 12(e) of the Federal Rules of Civil Procedure, Defendant asserts that Plaintiff's Verified Complaint is so vague or ambiguous that it cannot reasonably prepare a response thereto. Specifically, Defendant argues that Plaintiff "merely describes a short conversation between him and a manager" and "summarily concluded that he has suffered a false accusation of sexual harassment, defamation of character, and is entitled to lost wages. Defendant further states that it is unclear whether the remaining documents constitute part of Plaintiff's Complaint to which

2

a response may be required and that the documents themselves are "incomprehensible and conclusory" and do not articulate which events, if any, Plaintiff deems that involve Defendant committing a legal violation giving rise to a cause of action.  Accordingly, Defendant requests that the Court instruct Plaintiff to file an Amended Complaint stating with clarity the following: (1) what is the alleged wrongful conduct; (2) what are the precise legal claims sought to be asserted; and, (3) the factual details concerning the above.

**II. Analysis**

Rule 8(a) of the Federal Rules of Civil Procedure sets forth that a pleading that states a claim for relief must contain the following: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and, (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  Fed. R. Civ. P. 8(a).

Rule 12(e) of the Federal Rules of Civil Procedure states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id*. "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id*.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal

pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Here, Plaintiff's Verified Complaint does not contain a short and plain statement of the claim showing that the pleader is entitled to relief. Thus, Defendant's Motion for More Definite Statement is GRANTED. Plaintiff is ordered to file the more definite statement within fourteen days of the entry of this Order. Plaintiff is advised that, if he fails to comply, the court may strike the pleading or issue any other appropriate order. Further, Plaintiff is advised that the court may only consider matters outside of a complaint "if such materials are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Beaver County Retirement Bd. v. LCA-Vision, Inc.*, No. 1:07-CV-750, 2009 WL 806714, *4 (S.D. Ohio Mar. 25, 2009) (citing *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). "The determination of whether a document is 'integral' to the complaint is within the court's discretion and is guided by the judicial notice standards of Federal Rule of Evidence 201." *Beaver County*, 2009 WL 806714, at *4 (citing *In re Cardinal Health, Inc., Sec. Litig.*, 426 F. Supp. 2d 688, 712 (S.D. Ohio 2006). A

4

judicially noticed fact "must not be one subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

### III. Conclusion

For the reasons set forth herein, Defendant's Motion for More Definite Statement is GRANTED.

**IT IS SO ORDERED** this 11th day of January, 2018.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE