IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**EDWARD LEE SHELBY,**

        **Plaintiff,**

v.                                                       Case 2:17-cv-02650-TLP-cgc

**GREYSTAR MANAGEMENT SERVICES, L.P.,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court, by way of Order of Reference (D.E. # 11),[1] is Defendant's Motion for Summary Judgment (Docket Entry ("D.E.") #17) and Plaintiff's Motion for Summary Judgment (D.E. #25). The instant motions were referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #11). For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED and that Plaintiff's Motion for Summary Judgment be DENIED.

**I.**        **Introduction**

Plaintiff filed a Complaint in the Circuit Court of Shelby County, Tennessee alleging that his employment with Greystar Management Services, L.P. ("Defendant" or "Greystar") was terminated due to false allegations against him of sexual harassment. (Compl. ¶ 3). Plaintiff

---

[1] All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

further alleges that Defendant committed defamation of character against him, although the Complaint contains no further facts regarding this allegation. (Compl. ¶ 8).

On September 6, 2017, Greystar removed the action to this Court. On the same date, Greystar also filed a Motion for More Definite Statement, which the Court granted on January 1, 2018. On January 30, 2018, Plaintiff filed a document entitled "Plaintiff's Motion for More Definite Statement," which alleged that he suffered defamation because the victim did not provide adequate proof of sexual harassment. Plaintiff alleges that the defamation lead to his divorce and the uprooting of his family from their home. He further alleges that the defamation was "broadcast to TDLWD office" for his "work records."

On February 19, 2019, Greystar filed its Motion for Summary Judgment, which asserts as follows: (1) Plaintiff's defamation claim is barred by the applicable statute of limitations; (2) communications with the state unemployment agency are privileged; (3) communications with the EEOC are privileged; (4) Defendant bears no responsibility for Plaintiff's self-publication of any allegedly defamatory statements; (5) Defendant is not liable for any allegedly defamatory statements made within the organization; and, (6) Tennessee does not recognize a cause of action for marital status discrimination.[2]

On May 9, 2018, Plaintiff filed his Motion for Summary Judgement. It alleges that Greystar deliberately and falsely accused him of sexual harassment "for a photo of Halloween." (Pl.'s Mot. for Summ. J. at 1). Although his Motion for Summary Judgment is not entirely clear,

---

[2] Defendant's Motion for Summary Judgment and accompanying Memorandum and Statement of Undisputed Material Facts also references Riverstone Residential Group ("Riverstone"). It is undisputed that Plaintiff's employment initially began with Riverstone, which Greystone acquired on June 4, 2014. (Def.'s Mot. for Summ. J., Exh. 1 ("Shelby Dep.") at 60:8-20, 62:9-16, 64:10-13, filed at D.E. #20-1; Exhibit 2 ("Offer Letter"), filed at D.E. #20-2). It is further undisputed that all "legacy" Riverstone employees became Greystar employees on December 20, 2014. (Def.'s Mot. for Summ. J., Exh. A ¶ 3 ("Summerlin Decl."), filed at D.E. #19-1). For purposes of clarity, the Court will refer to Plaintiff's employer throughout as Defendant or Greystar, as Greystar is the named Defendant in this action.

he also repeats an assertion contained in his Complaint that he called the accuser the night before he was placed on administrative leave "about some keys of an apartment" that he had "left in his truck." (Compl. ¶ 3; *Id.*)

On May 18, 2018, Greystar filed its Response to Plaintiff's Motion for Summary Judgment. (D.E. #27). Greystar argues that Plaintiff's "one-paragraph, self-titled" Motion for Summary Judgment only asserts, in conclusory fashion, that Plaintiff was falsely accused of sexual harassment. Greystar asserts that Plaintiff has failed to provide either a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial or any citation to the record as required by Local Rule 56.1(a). Greystar further reiterates the arguments made in its Motion for Summary Judgment.

On May 24, 2018, Plaintiff filed his Response to Greystar's Motion for Summary Judgment. (D.E. #28). Plaintiff does not respond to Greystar's Statement of Undisputed Facts but continues to argue that he "was not accused of work place harassment but got dismissed for sexual harassment." (Pl.'s Resp. at 1). Plaintiff states that he does not believe he committed sexual harassment and believes that Greystar had no proof that he did so. (*Id.* at 1-2).

## II.     Proposed Findings of Fact[3]

Plaintiff began his employment as a turn-key technician with Defendant on May 30, 2014. (Shelby Dep. at 62:9-13, 63:10-15). On or about November 24, 2014, Defendant received a verbal

---

[3] Local Rule 56.1(a) sets forth the requirements for a party moving for summary judgment to file a statement of the material facts with specific citations to the record. Local Rule 56.1(b) sets forth the requirements for a party responding to a motion for summary judgment to respond to each fact set forth by the movant by either agreeing that it is undisputed, agreeing that it is undisputed for purposes of the motion for summary judgment, or demonstrating that it is disputed with specific citations to the record. Local Rule 56.1(d) states that a "[f]ailure to respond to a moving party's statement of material facts . . . within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." Plaintiff failed to comply with either Local Rule 56.1(a) in his Motion for Summary Judgment or Local Rule 56.1(b) in his Response to Defendant's Motion for Summary Judgment. Accordingly, it is RECOMMENDED that Defendant's Statement of Undisputed Material Fact be deemed as undisputed.

3

complaint from Plaintiff's coworker, Breanna Joyner ("Joyner"), stating that she had had multiple unappreciated encounters with Plaintiff and that he had taken pictures of her at work without her permission.  (Summerlin Decl. ¶ 6).  After interviewing Plaintiff about the complaint made by Joyner, Defendant placed Shelby on administrative leave pending the results of its internal investigation.  (*Id.* ¶ 7; Shelby Dep. at 110:17-23, 111:5-20, 112:18-24, 113:1-24, 115:1-14, 116:3-17, Exh. 6, Exh. 9).  Defendant subsequently interviewed and obtained witness statements from Joyner and two additional coworkers.  (Summerlin Decl. ¶ 8, 12, 14; Shelby Dep. at Exhs. 5, 7, 8).  The witness statements corroborated Joyner's complaint.  (*Id.*)  At the conclusion of its internal investigation, Defendant terminated Plaintiff's employment on December 9, 2014 for violating its policy prohibiting the use of cameras within its properties.  (Summerlin Decl. ¶ 9; Shelby Dep. at 119:9-12, 133:14-16, 142:17-24 & Exh. 9).

Defendant submitted a separation notice to the Tennessee Department of Labor and Workforce Development (the "Department") on December 19 2014.  (Summerlin Decl. ¶ 10).  Defendant received the Department's decision on January 17, 2015.  (*Id.*)  Defendant had no communication with the Department after January 17, 2015.  (*Id.*)  Defendant submitted a position statement to the Equal Employment Opportunity Commission ("EEOC").  (Summerlin Decl. ¶ 11).  Defendant did not have any communication with the EEOC after February 13, 2015.  (*Id.*)  Shelby has self-disclosed to prospective employers that he was terminated from Defendant's employ "because he was accused of sexual harassment."  (Shelby Dep. at 156:10-19, 157:17-24, 158:12-15).  Shelby and his wife have also self-disclosed to others the reason provided for his employment termination.  (*Id.*)

### III. Proposed Anaylsis

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine

5

issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To establish a prima facie case of defamation in Tennessee, the plaintiff must establish as follows: (1) a party published a statement; (2) with knowledge that the statement is false and defaming to the other, or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 572 (Tenn. 1999). "Publication" is a term of art meaning the communication of defamatory matter to a third person. *Id*. (citing *Quality Auto Parts Co., Inc. v. Bluff City Buick Co. Inc.*, 876 S.W.2d 818, 821 (Tenn. 1994)).

Actions for slander must 'be commenced within six (6) months after the words are uttered.'" *Quality Auto* Parts, 876 S.W.2d at 821 (citing Tenn. Code Ann. § 28-3-103). A "plaintiff bringing an action for libel has one year from the time 'the cause of action accrued,'" which has been held to be the date of publication, to commence such an action. *Id*. (citing Tenn. Code Ann. § 28-3-104); *see also Sullivan*, 995 S.W.2d at 574; *Applewhite v. Memphis State Univ.*, 495 S.W.2d 190, 194 (Tenn. 1973). Tennessee courts do not apply the discovery rule to defamation statutes of limitations. *Id*. at 821-22; *Sullivan*, 995 S.W.2d at 574.

Neither Plaintiff's Complaint nor Plaintiff's Response to Defendant's Motion for More Definite Statement provides any dates on which the alleged defamatory acts occurred; however, Plaintiff complained in his deposition that Defendant disclosed the reasons for his discharge to the Department and to the EEOC. As set forth above, Defendant submitted a separation notice to the

6

Department on December 19, 2014, to which the Department responded on January 17, 2015. Defendant had no communication with the Department after January 17, 2015. Additionally, Defendant had no communication with the EEOC after February 13, 2015. Plaintiff filed this action on May 9, 2017. Accordingly, Plaintiff's claims of defamation based upon Defendant's statements to either the Department or the EEOC are time-barred because they were not brought within the applicable statutes of limitations.

Plaintiff additionally stated in his deposition that he self-disclosed to prospective employers and that he and his wife disclosed to others that he was terminated by Defendant "because he was accused of sexual harassment." However, Defendant cannot be held liable for Plaintiff's own publication of allegedly defamatory statements. *Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571-74 (Tenn. 1999).

Finally, Plaintiff suggested in his deposition that Defendant committed defamation in "internal Greystar documents." (Shelby Dep. at 163:5-9). However, a communication made within an organization in the ordinary course of business, such as regarding employee compliance with policy, is not a "publication" for purposes of defamation. *Rhea v. Doller Tree Stores, Inc.*, 395 F. Supp. 2d 696, 707 (W.D. Tenn. 2005) (citing *Woods v. Helmi*, 758 S.W. 2d 219, 223 (Tenn. Ct. App. 1998)). Thus, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Motion to Dismiss be DENIED.

## IV.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED and that Plaintiff's Motion for Summary Judgment be DENIED.

Signed this 26th day of June, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**